IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2025-BO

| | |
|---|---|
| JAMES CAVANAUGH, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| WARDEN TRACY JOHNS, ) | |
| Respondent. ) | |

On February 16, 2010, a federal inmate incarcerated at the Federal Correctional Institution in Butner, North Carolina, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent Tracy Johns filed a motion to dismiss or, in the alternative, a motion for summary judgment. Because respondent attached materials outside the pleadings, the court construes the motion as a motion for summary judgment. Petitioner responded in opposition to the motion for summary judgment, and the matter is ripe for determination.

In considering respondent's motion for summary judgment, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party

then must affirmatively demonstrate that there exists a genuine issue of material fact regarding trial. See Matsushita Elec. Indus. Co., 475 U.S. at 587. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 250.

Petitioner asserts eligibility to serve the remainder of his federal sentence on home confinement pursuant to Bureau of Prison's ("BOP") Elderly Offender Home detention Pilot Program, found in the Second Chance Act, 42 U.S.C. § 17541(g).

On December 18, 1992, petitioner was sentenced to a term of three hundred (300) months incarceration for violations of: 21 U.S.C. § 963, Conspiracy to Import Cocaine, Attempt to Import Cocaine; 21 U.S.C. § 952(a), Importation of Cocaine; and 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute. (Mem. in Supp. of Resp.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J., Declaration of Betty Haywood, ¶ 5, Exhibit 1 and Declaration in Opposition to Mot. to Dismiss, on in the Alternative, Mot. for Summ. J. ¶ 3). After considering good conduct time, petitioner's projected release date is December 16, 2013. (Id.) Petitioner's federal sentence commenced on the same date as its imposition. His sentence was credited with 286 days of prior custody credit, for the period of March 7, 1992 through December 17, 1992. (Id. ¶ 6)

The Second Chance Act directed the Attorney General to conduct a pilot program for the fiscal years 2009 and 2010. The program was created to determine the effectiveness of removing certain elderly offenders from BOP facilities to home detention until their terms of confinement have expired. See 42 U.S.C. § 17541(g)(1)(A) and 17541(g)(3); Haywood Decl. ¶ 10, Attachment 2 at 1. On February 5, 2009, the Bureau of Prisons issued Operations Memorandum 003- 2009 (5392), Elderly Offender Home Detention Pilot Program initiating the Elderly

2

Offender Home Detention Pilot Program at all Bureau of Prisons' facilities nationwide. Id. ¶ 7. The pilot program was authorized to run from October 1, 2008, through September 30, 2010. Id. ¶ 10, Attachment 2 at 1.2 At the present time, the pilot program has ended, and inmates are no longer being considered for, or recommended for placement in the program. Id.

Article III of the Constitution requires federal courts to adjudicate only cases and controversies where the controversy is live and ongoing. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). The Fourth Circuit has held that when a prisoner is no longer subject to the alleged unconstitutional conditions, his claim is moot. See e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986). When a claim is or has become moot, the court no longer has jurisdiction to determine the issues presented. See North Carolina v. Rice, 404 U.S. 244, 246 (1971) (court lacked jurisdiction "to decide questions that cannot affect the rights of litigants in the case before them"); Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (noting that "the question of whether we are presented with a live case or controversy is a question we may raise sua sponte" as mootness goes to heart of Article III jurisdiction (internal quotation marks omitted)).

The Second Chance Act directed the Attorney General to conduct a pilot program during fiscal years 2009 and 2010 to determine the effectiveness of removing certain elderly offenders from BOP facilities and placing them in home detention until their terms of confinement have expired. See 42 U.S.C. §§ 17541(g)(1)(A), 17541(g)(3) ("A pilot program ... shall be conducted through at least one Bureau of Prison facility ... and shall be carried out during fiscal years 2009 and 2010"), and 17541(I)); Haywood Decl. ¶ 10, Attachment 2 at 1. Federal fiscal year 2010

3

ended on September 30, 2010, and the BOP is no longer considering inmates for placement in the pilot program. See Haywood Decl. ¶ 10.

Prior to the conclusion of the pilot program, petitioner was not eligible for participation. To participate in the program one must have "served the greater of 10 years or 75% of the term of imprisonment to which the offender was sentenced." Petitioner had not "served the greater of 10 years or 75% of the term of imprisonment to which the offender was sentenced" prior to the conclusion of the program on September 30, 2010, and was not entitled to be considered. Id. According to Bureau of Prisons Operations Memorandum 003-2009 (5392), Elderly Offender Home Detention Pilot Program, "[t]he phrase 'term of imprisonment to which the offender was sentenced' refers to the term of imprisonment imposed by the sentencing court(s), whether stated in days, months, or years." Id. For petitioner, 75% of his 300-month term would be 225 months, or 18 years and 9 months. Id. ¶ 9; see also Attachment 2, 3. "Statutory Eligibility Criteria." Petitioner did not served 225 months until December 7, 2010, which was after the expiration of the program.¹ Id. Thus, the relief petitioner seeks is no longer available and is now moot. The expiration of the pilot program deprives the court of the ability to give petitioner any meaningful relief. Therefore, his petition is moot. Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002).

For the reasons stated, the court GRANTS respondent's motion for summary judgment (D.E. #7). The Clerk of Court is DIRECTED to close the case. Having so determined all other pending motions are DENIED as MOOT (D.E. # 2 and 12)..

---

¹The court considered petitioner's response arguing Barber v. Thomas, 130 S. Ct. 2499, 2501 (2010), however, the pilot program instructed on calculating the sentence for the purpose of determining eligibility, while Barber instructs on the application of good time credits. See Haywood Declaration, Attachment 2 and Barber v. Thomas, 130 S. Ct. 2499 (2010).

4

SO ORDERED, this the 14 day of July 2011.

                                          TERRENCE W. BOYLE
                                          United States District Judge